# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. C07-4087-MWB |
| vs. | **ORDER** |
| MICHAEL ALAN REED, individually and as trustee of PEMBINA NATION TRIBAL COUNCIL, TWO PONDS, SUNTASSO, CHAKRA, INDIGO, CIRCLE PHASE, CANYON INVESTMENTS, and BLACK CANYON PROPERTIES; LOREN BROWN, as trustee of PEMBINA NATION TRIBAL COUNCIL and SUNTASSO; and JOHN SHERIDAN, as trustee of BLACK CANYON PROPERTIES, | |
| Defendants. | |

_____

The plaintiff (the "Government") filed this action on October 4, 2007, to reduce certain federal tax assessments against the defendant Michael Alan Reed to judgment, foreclose federal tax liens against certain real and personal property, set aside allegedly fraudulent conveyances, and have proceeds from the foreclosure sales distributed. *See* Doc. No. 2. The matter is before the court on motions to dismiss or for "proper service and joinder" filed by the defendants, and on the Government's motion for leave to amend the Complaint. *See* Doc. Nos. 14, 15, 16, & 17.

The Government named Michael Alan Reed as a defendant both individually and in his purported capacity "as trustee of Pembina Nation Tribal Council, Two Ponds, Suntasso, Chakra, Indigo, Circle Phase, Canyon Investments, and Black Canyon

Properties." The Government also named as defendants "Loren Brown, as trustee of Pembina Nation Tribal Council and Suntasso; and John Sheridan, as trustee of Black Canyon Properties." Reed filed a motion to dismiss or for proper service and joinder, in which he claims Loren Brown is trustee of Pembina Nation Tribal Council and Suntasso, Steve Nelson is trustee of Canyon Investments, and John Sheridan is trustee of Black Canyon Properties. *See* Doc. No. 14. Reed claims that by serving him on behalf of these entities, the Government has not effected proper service on the trusts and must join the proper trustees as indispensable parties. Reed also moves to dismiss the Complaint for failure to state a claim for which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and he moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). *Id.*

Loren Brown, acting *pro se*, has filed a motion on behalf of Suntasso and Pembina Nation Tribal Council, and John Sheridan, also acting *pro se*, has filed an almost identical motion on behalf of Black Canyon Properties. Each defendant claims Canyon Investments, of which Steve Nelson allegedly is trustee, is an indispensable party. They also seek dismissal for failure to state a claim, and a more definite statement of the Government's claims. Doc. Nos. 15 & 16.

In a combined response to all of the defendants' motions, the Government first asks the court to strike the motions filed *pro se* by Loren Brown and John Sheridan, noting neither a trust, nor a trustee appearing on behalf of a trust, can appear in federal court *pro se*. Doc. No. 18 at 1-2 (citing *Knoefler v. United Bank*, 20 F.3d 347, 348 (8th Cir. 1994)). The Government further asks the court to deny the motions on the merits and because many of the defendants' claims are rendered moot by the Government's motion to amend its Complaint. *See* Doc. Nos. 17 & 18. All of the currently-named defendants have consented to the Government's amendment of the Complaint to add as defendants "Steve Nelson, as trustee of Canyon Investments, and Ray Cox, as trustee of Two Ponds,

Chakra, Indigo, and Circle Phase." *See* Doc. No. 17 at 1-2. The defendants have not consented to the amendment of Count I of the Complaint to add claims against Reed relating to penalty assessments for the years 1998-2003, and income tax assessments for the years 2001-2003, and to provide additional information relating to transfers of certain personal property from Suntasso to Canyon Investments. *See* Doc. No. 17 at 3, and the proposed Amended Complaint at Doc. No. 17-2.

The Government's motion to amend the Complaint was filed timely pursuant to the Scheduling Order and Discovery Plan, Doc. No. 8. Rule 15(2), Federal Rules of Civil Procedure, provides that leave to amend "shall be freely given when justice so requires." However, the policy favoring liberal allowance of amendment does not mean the right to amend is absolute. *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). The Supreme Court has interpreted Rule 15(a) to mean that "absent a good reason for denial – such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment -- leave to amend should be granted." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). The court must consider the prejudice to the opponent, whether additional discovery would be required, and whether the court's docket would be adversely affected. *Elema-Schonander, Inc. v. K.C.F. Medical Supply*, 869 F.2d 1124 (8th Cir. 1989).

The court finds the defendants will not be prejudiced by allowing the Government to amend its Complaint as requested, and **grants** the motion (Doc. No. 17). The Clerk of Court is directed to docket the Amended Complaint submitted with the motion.

The defendants' motions (Doc. Nos. 14, 15 & 16) are **denied, without prejudice** to reassertion, if appropriate, in response to the Amended Complaint. The Government is allowed until **May 5, 2008**, to effect proper service of the Amended Complaint, *together with a copy of this order*, on all of the defendants. **All defendants** as to whom service has

been accomplished must move or plead in response to the Amended Complaint **by May 30, 2008**.

Any trustee appearing in the case on behalf of a trust must be represented by counsel. No trustee or trust may appear *pro se*. *See Knoefler v. United Bank*, 20 F.3d 347 348.

**IT IS SO ORDERED.**

**DATED** this 10th day of April, 2008.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT