IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL ALLEN REED, individually and as trustee of TWO PONDS. CHAKRA, INDIGO, CIRCLE PHASE, and BLACK CANYON PROPERTIES; LOREN BROWN, as trustee of PEMBINA NATION TRIBAL COUNCIL and SUNTASSO; and JOHN SHERIDAN, as trustee of BLACK CANYON PROPERTIES; STEVE NELSON, as trustee of CANYON INVESTMENTS; RAY COX, as trustee of TWO PONDS, CHAKRA, INDIGO, and CIRCLE PHASE,<br><br>    Defendants. | No. C07-4087-MWB<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST MICHAEL REED, RAY COX, STEVE NELSON, AND JOHN SHERIDAN AS TRUSTEES OF TWO PONDS, CHAKRA, INDIGO, CIRCLE PHASE, CANYON INVESTMENTS, AND BLACK CANYON PROPERTIES |

_____

## I. INTRODUCTION AND BACKGROUND

### A. Procedural Background

On October 4, 2007, plaintiff United States ("the government") filed its complaint in this matter seeking to reduce to judgment tax assessments against defendant Michael Reed, to foreclose federal tax liens, to set aside fraudulent conveyances, and to have the

proceeds of the foreclosure sales distributed. On April 4, 2008, the government filed a motion for leave to amend its complaint. On April 10, 2008, Chief United States Magistrate Judge Paul A. Zoss granted the government's motion to amend its complaint and, on that same date, the government filed an amended complaint in which it named as defendants, Steve Nelson, as trustee of Canyon Investments, and Ray Cox, as trustee of Two Ponds, Chakra, Indigo, and Circle Phase. The government seeks to foreclose federal tax liens on the following real and personal property:

(1) Parcel A-the 255th Avenue Property, legally described as:

The West 425 feet of the North 400 feet of the Southeast Quarter of Section 34, Township 100 North, Range 36 West of the 5th P.M., Dickinson County, Iowa;

(2) Parcel B-the 19th Street Property, legally described as:

Sec/twp/mg/1870-6-8- Legal W 30' of Lot 8 blk 6 Osborne's Addn. to Spirit Lake, City of Spirit Lake, Dickinson County, Iowa;

(3) 1947 red Indian Chief motorcycle (VIN: ending in 5320);

(4) 1974 red and white GMC truck (VIN: ending in 0221);

(5) 2002 black/red Indian Chief motorcycle (VIN: ending in 6180);

(6) 2001 blue Ford pick-up (VIN: ending in 6253);

(7) 1991 red Harley-Davidson motorcycle (VIN: ending 2735);

(8) 2004 silver Toyota Sequoia (VIN: ending in 7851); and,

(9) 1971 white Fan motorhome (VIN: ending in 6900).

On July 10, 2008, the Clerk of Court entered default against Ray Cox, as trustee of Two Ponds, Chakra, Indigo, and Circle Phase, Steve Nelson, as trustee of Black Canyon Properties, John Sheridan, as trustee of Black Canyon Properties, and Michael Allen Reed, as trustee of Two Ponds, Indigo, Circle Phase, and Black Canyon Properties. The government now moves for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), against Cox, as trustee of Two Ponds, Chakra, Indigo, and Circle Phase, Nelson, as trustee of Black Canyon Properties, Sheridan, as trustee of Black Canyon Properties, and Reed, as trustee of Two Ponds, Indigo, Circle Phase, and Black Canyon Properties.

## II. LEGAL ANALYSIS
### A. Entry Of Default And Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
>> **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

> **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.
>
> **(c) Setting Aside a Default or a Default Judgment.** The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

FED. R. CIV. P. 55(a)-(c). In *Hayek v. Big Brothers/Big Sisters of America*, 198 F.R.D. 518 (N.D. Iowa 2001), this court summarized the mechanics under Rule 55 for obtaining the entry of default and default judgment, as well as the method for setting aside a default or default judgment, as follows:

> Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Hagen*

4

> *v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000) (citing Johnson for this requirement). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n. 2 (8th Cir. 1997). Moreover, "'a default judgment cannot be entered until the amount of damages has been ascertained.'" *Hagen*, 205 F.3d at 1042 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993)). Thus, if the judgment sought is not for a sum certain, Rule 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" in order to "enable the court to enter judgment." Fed. R. Civ. P. 55(b)(2). In short, as this court has explained, Rule 55 "requires two steps before entry of a default judgment: first, pursuant to Fed. R. Civ. P. 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to Fed. R. Civ. P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995).

*Hayak*, 198 F.R.D. at 520.

### B. Entry Of Default Judgment In This Case

In this case, the Clerk of Court has entered a default against Cox, as trustee of Two Ponds, Chakra, Indigo, and Circle Phase, Nelson, as trustee of Black Canyon Properties, Sheridan, as trustee of Black Canyon Properties, and Reed, as trustee of Two Ponds, Indigo, Circle Phase, and Black Canyon Properties pursuant to Rule 55(a), completing the first step in the two-step process toward default judgment. *See id*. Thus, the questions

presented by the pending motion are whether the court should now take the second step, and enter default judgment pursuant to Rule 55(b)(2). *See id.* The second step of the process, pursuant to Rule 55(b)(2), requires that the moving party make a second application, this time to the court for default judgment. By virtue of the default, defendants are deemed to have admitted to the truth of the well-pleaded allegations of the complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993); *United States v. Di Mucci*, 829 F.2d 1488, 1497 (7th Cir. 1989); *Dundee Cement Co.*, 722 F.2d at 1323; *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). However, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158; *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (en banc), *cert. denied*, 464 U.S. 818 (1983); *Flaks*, 504 F.2d at 707.

Despite the wording of Rule 55, a hearing on a motion for default judgment is not required. 10A CHARLES ALAN WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE, § 2688 (3d ed. 1998). No hearing on substantive issues is necessary if evidence sufficient to justify a default judgment is already before the court. *See Dundee Cement Co.*, 722 F.2d at 1323; *United States v. Forma*, 784 F. Supp. 1132, 1141 (S.D.N.Y. 1992); *Southern Gen. Ins. Co. v. O'Keefe*, 275 F. Supp. 107, 109 (D. Md. 1967). According to Wright and Miller, the court's inquiry should proceed as follows:

> In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it. Among these [factors] are . . . whether material issues of fact . . . are at issue; . . . and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have . . . .Finally, the court

> may consider whether it later would be obliged to set aside the
> default on defendant's motion . . . .

10A CHARLES ALAN WRIGHT ET AL., *supra* at § 2685.

In this case, as discussed above, the grounds for default are clearly established. Moreover, substantive material issues of fact alleged in the complaint do not appear to be at issue. Based on the admitted allegations in the amended complaint, the court finds as follows:

1. Federal tax liens arose in favor of the United States as a result of unpaid federal income tax liabilities assessed against Michael Reed for the tax periods ending in 1998 through 2000;

2. Notices of federal tax liens were filed in Dickinson County, Iowa, against Suntasso and Pembina Nation Tribal Council as nominees and/or transferees of Michael Reed on July 15, 2005, as a result of Michael Reed's unpaid federal income tax liabilities for the tax years 1998 through 2000;

3. Pembina Nation Tribal Council held nominal title to the subject real property from March 16, 2004 to August 22, 2006;

4. The United States filed its federal tax lien against Pembina Nation Tribal Council on July 15, 2005;

5. On August 22, 2006, Pembina Nation Tribal Council transferred the subject real property to Black Canyon Properties, after the federal tax lien had attached to the subject real property;

6. On March 23, 2004, Suntasso acquired nominal title in the 1974 red and white GMC truck, 1947 red Indian Chief motorcycle, 2002 black/red Indian Chief

     motorcycle, 2001 blue Ford pick-up, 1991 red Harley-Davidson motorcycle, and 2004 silver Toyota Sequoia;

  7.  On April 30, 2004, Suntasso acquired nominal title in the 1971 white Fan motorhome;

  8.  On October 26, Suntasso transferred title for the subject personal property, with the exception of the 1971 white Fan motorhome, to Canyon Investments, after the federal tax lien filed against Suntasso had attached to the subject personal property;

  9.  Pembina Nation Tribal Council, Black Canyon Properties, and Suntasso received title to the subject real property and personal property subject to the United States' federal tax liens.

Thus, the court concludes that the government has satisfied the requirements of step two of the process for entry of default judgment. *See, e.g., Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995). The court finds that the government has demonstrated that a default judgment should be entered. *See* FED. R. CIV. P. 55(b)(2); *Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000) Thus, the government's Motion For Default Judgment is granted.

### *III.  CONCLUSION*

  Upon consideration of the record, the court orders that the government's Motion For Default Judgment is **granted**. The court hereby **enters judgment by default,** pursuant to Federal Rule of Civil Procedure 55(b)(2), against Ray Cox, as trustee of Two Ponds, Chakra, Indigo, and Circle Phase, Steve Nelson, as trustee of Black Canyon Properties, John Sheridan, as trustee of Black Canyon Properties, and Michael Reed, as trustee of Two Ponds, Indigo, Circle Phase, and Black Canyon Properties and it is ordered

that the federal tax liens filed against Suntasso and Pembina Nation Tribal Council as transferees and/or nominees of Michael Reed under 26 U.S.C. § 6321 attach to the subject real property and personal property described below:

   (1) Parcel A-the 255th Avenue Property, legally described as:

   The West 425 feet of the North 400 feet of the Southeast Quarter of Section 34, Township 100 North, Range 36 West of the 5th P.M., Dickinson County, Iowa;

   (2) Parcel B-the 19th Street Property, legally described as:

   Sec/twp/mg/1870-6-8- Legal W 30' of Lot 8 blk 6 Osborne's Addn. to Spirit Lake, City of Spirit Lake, Dickinson County, Iowa;

   (3) 1947 red Indian Chief motorcycle (VIN: ending in 5320);

   (4) 1974 red and white GMC truck (VIN: ending in 0221);

   (5) 2002 black/red Indian Chief motorcycle (VIN: ending in 6180);

   (6) 2001 blue Ford pick-up (VIN: ending in 6253);

   (7) 1991 red Harley-Davidson motorcycle (VIN: ending 2735);

   (8) 2004 silver Toyota Sequoia (VIN: ending in 7851); and,

   (9) 1971 white Fan motorhome (VIN: ending in 6900).

Moreover, the court orders that the government is entitled to foreclose of its federal tax liens against Pembina Nation Tribal Council on the subject real property and against Suntasso on the subject personal property. The subject real and personal property will be sold pursuant to further order of the court.

**IT IS SO ORDERED.**

**DATED** this 27th day of October, 2008.

                                                MARK W. BENNETT
                                                U. S. DISTRICT COURT JUDGE
                                                NORTHERN DISTRICT OF IOWA