# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ALAN REED, individually and as trustee of TWO PONDS. CHAKRA, INDIGO, CIRCLE PHASE, and BLACK CANYON PROPERTIES; LOREN BROWN, as trustee of PEMBINA NATION TRIBAL COUNCIL and SUNTASSO; and JOHN SHERIDAN, as trustee of BLACK CANYON PROPERTIES; STEVE NELSON, as trustee of CANYON INVESTMENTS; RAY COX, as trustee of TWO PONDS, CHAKRA, INDIGO, and CIRCLE PHASE,<br><br>Defendants. | No. C07-4087-MWB<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR RELIEF FROM COURT'S ORDER OF SALE** |

_____

This case is before the court on plaintiff United States's Motion For Relief From Court's Order of Sale (docket no. 141) filed on January 25, 2010. Defendants have not filed a resistance to plaintiff's motion. In its motion, pursuant to Federal Rule of Civil Procedure 60(b)(6), plaintiff seeks relief from this court's Order of Sale filed on March 31, 2009, to allow the plaintiff to hold the sale of a portion of the subject personal property in Sioux Falls, South Dakota, rather than in Iowa. Plaintiff points out that the personal property in question, a 1947 red Indian Chief motorcycle (VIN: ending in 5320), a 2001 blue Ford pick-up (VIN: ending in 6253), a 1991 red Harley-Davidson motorcycle (VIN:

ending 2735), and a 2004 silver Toyota Sequoia (VIN: ending in 7851), were not left in Iowa as required by the court's Order of Sale. Instead, these vehicles were surrendered to the Internal Revenue Service in Sioux Falls, South Dakota. As a result, plaintiff's compliance with part (d) of this court's Order of Sale would require plaintiff to incur additional expenses related to the transportation of these vehicles from Sioux Falls, South Dakota, to Dickinson County, Iowa. Thus, plaintiff requests the court grant it relief from its prior Order of Sale and authorize plaintiff to hold the sale of these four vehicles in Sioux Falls, South Dakota, in order to avoid these transportation costs.

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances.[1] *See* FED. R. CIV. P. 60(b). Rule 60(b)(6) serves as the "catchall

---

[1] Federal Rule of Civil Procedure 60(b) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or

(continued…)

provision" in Rule 60(b). *See Guinan v. Delo*, 5 F.3d 313, 316 (8th Cir. 1993); *see also Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). The Eighth Circuit Court of Appeals has instructed that, "Rule 60(b) should be liberally construed and applied to carry out the purpose of avoiding, where relief is promptly sought and no prejudice is shown, the enforcement of a[n] [order] which has become erroneous even though it may have been proper when entered." *Knox v. Litchenstein*, 654 F.2d 19, 22 (8th Cir. 1981). The decision to grant or deny relief pursuant to Rule 60(b) lies in the sound discretion of the court. *See Cook v. City of Bella Villa*, 582 F.3d 840, 855 (8th Cir. 2009); *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). Against this backdrop, the court finds, in its discretion under Rule 60(b), that plaintiff has established grounds for relief from the provision in part (d) of the court's Order of Sale requiring that the sale of the four vehicles identified be conducted in Iowa. Accordingly, plaintiff's Motion For Relief From Court's Order of Sale is granted and plaintiff is authorized to conduct a public sale of the following vehicles, a 1947 red Indian Chief motorcycle (VIN: ending in 5320), a 2001 blue Ford pick-up (VIN: ending in 6253), a 1991 red Harley-Davidson motorcycle (VIN: ending 2735), and a 2004 silver Toyota Sequoia (VIN: ending in 7851), at Automotive Services, 2306 N. Westport, Sioux Falls, South Dakota 57017, or another location in Sioux Falls, South Dakota, determined by the IRS.

---

[1](…continued)
    vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

**IT IS SO ORDERED.**

**DATED** this 16th day of February, 2010.

                                                                                                      MARK W. BENNETT
                                                                                                      U. S. DISTRICT COURT JUDGE
                                                                                                      NORTHERN DISTRICT OF IOWA